In the Matter of 114 NORTH 4TH STREET CORPORATION, Petitioner, against JOSEPH BUONO, Doing Business as LIBERTY ENGINEERING Co., et al., Respondents.

Supreme Court, Special Term, Kings County, June 21, 1945.

*Riegelman, Strasser, Schwarz & Spiegelberg* for Joseph Buono and another, respondents.

*Dreyer & Traub* for petitioner.

GARVIN, J. By this proceeding petitioner seeks an order fixing the " emergency rent " for commercial space occupied by respondents, pursuant to the provisions of chapter 3 of the Laws of 1945 (as amd. by L. 1945, ch. 315). Two of the respondents, to wit, Joseph Buono and Geo. V. Clark Co., Inc., have interposed answers and oppose the application. The part of the statute under which the remedy here sought is invoked is subdivision (e) of section 2 which defines " Emergency rent " to be: " The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent; provided that if the commercial space was not used or occupied on such date for commercial purposes, the emergency rent shall be the reasonable rent therefor as of such date, plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court upon the basis of the rent charged on such date for the most nearly comparable commercial space in the same building or other satisfactory evidence." It is not disputed that the premises involved were actually used for commercial purposes on March 1, 1943.

More in detail, the facts are that on March 1, 1943, part of the space occupied by respondents was under written lease to one of them, Beacon Steel Products Co., Inc., hereafter called " Beacon ", which lease covered the period from January 1, 1943, to December 31, 1945, inclusive. It embraced the three upper floors of the building and part of the ground floor; the rental was $1,500 per month. On or about February 26, 1943, petitioner made a further lease with said Beacon for the balance

of the premises, commencing as of April 1, 1943, and terminating December 31, 1945, at an additional rental of $450 per month, a total of $1,950 monthly.

The petition sets forth that said Beacon "in violation of the terms of the aforementioned two leases" made a lease with two of the respondents, with Steel & Engineering, Inc., for part of the ground floor at a rental of $1,000 per month beginning August 1, 1944, and ending December 31, 1945, and with said Buono for the third and fourth floors of the building at approximately $1,150 per month, which lease covered the period from July 1, 1944, to December 31, 1945, both dates inclusive. The petition further sets forth that petitioner thereafter ascertained the actions of Beacon which have been heretofore described and elected on or about August 7, 1944, to terminate its own leases with said Beacon; that a settlement was made, as a result of which all leases were canceled and new leases were made by petitioner as follows: (a) with said Geo. V. Clark Co., Inc., for the fourth floor, at $480 per month, from October 1, 1944, to and including December 31, 1945; (b) with said Buono, for the third floor, at $720 per month, beginning October 1, 1944, and ending December 31, 1945; (c) with said Steel & Engineering, Inc., for part of the ground floor (with use of a crane, etc.), at $1,000 per month, from October 1, 1944, to and including December 31, 1945; (d) with Beacon, covering the second floor and part of the ground floor, at the rate of $550 per month, from October 1, 1944, to and including December 31, 1945.

According to the petition, said Buono and said Geo. V. Clark Co., Inc., have refused to pay rent for the months of April and May, 1945, until statements are served pursuant to section 3 of chapter 3 of the Laws of 1945, as amended by chapter 315 of the Laws of 1945. The petition then sets forth in these words: "That your petitioner herein has been unable to serve the statements required, pursuant to said section, since the respondents 'Engineering', 'Buono' and 'Clark' were not in possession of the premises they now occupy during March, 1943, and in an effort to comply with the intent of the said section your petitioner served statements, copies of which are annexed hereto * * *." The objecting tenants herein

have rejected the statements so served as unacceptable. These tenants assert that as of March 1, 1943, the respondent Beacon occupied the entire building at the rental of $1,950 per month; as a matter of fact, said Beacon occupied only a part thereof as of such date; it was not until one month thereafter, i.e., April 1, 1943, that said Beacon took over the entire building. Furthermore, the so-called ·"notice" failed to furnish to the tenants the amount of the " emergency rent " for the space occupied by them. In place of this information it furnishes a sum as " emergency rent " computed for the entire building.

In this connection it is to be noted that petitioner is not here applying under section 4 of the Commercial Rent Control Law; that is to say, petitioner asks for an order fixing the " emergency rent " for the premises and does not ask for an order fixing " a reasonable rent " for the tenants' commercial space. The court is of the opinion that petitioner has not established a statutory right to bring this proceeding. It definitely appears that the premises were not unused and unoccupied as of March 1, 1943; as a matter of fact they were at that time under lease and were occupied, although not actually in the same units as at present. It seems clear that the space now · occupied by respondents must have had a rental value as of March 1, 1943, which can be computed by the petitioner-landlord. This need not of necessity be upon a prorated basis; the landlord should know how much of the over-all rent paid by said Beacon was chargeable to the third and fourth floors. If, however, in the judgment of the landlord such rent does not correctly represent the fair and reasonable rental value, the landlord has an appropriate remedy under section 4 of the statute.

The cases cited by petitioner (*Sissias* v. *Perlmutter*, 184 Misc. 174, 178, and *Cronson* v. *Fink*, 184 Misc. 723) are not in point. The first merely states that the new statute " should receive a reasonable construction by the courts ", a point which is not in dispute here; the second suggests a proceeding for a landlord followed under conditions different from the case at bar.

As to the opposing respondents, the motion to dismiss is granted, without prejudice, however, to such further action by the petitioner as may be appropriate, not inconsistent with the conclusions hereinbefore set forth.